IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARRY BAKER,              )
                          )
         Plaintiff,       )
                          )   No. 04 C 3548
    v.                    )
                          )   Judge Ronald A. Guzmán
PACTIV CORPORATION,       )
                          )
         Defendant.       )
                          )

## MEMORANDUM OPINION AND ORDER

Barry S. Baker, proceeding *pro se*, has sued Pactiv Corporation ("Pactiv") for its alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. Pactiv has moved pursuant to Federal Rule of Civil Procedure ("Rule") 56 for summary judgment. For the reasons set forth below, the motion is granted.

### Facts

Though he received instructions on how to comply with Local Rule 56.1 and the consequences of not doing so, (*see* Notice to *Pro Se* Litigant Opposing Summary Judgment), plaintiff did not file a response to Pactiv's LR 56.1(a) Statement. That omission is costly: "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. ILL. LR 56.1(b)(3)(B); *see Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) ("We have emphasized the importance of local rules and have consistently and repeatedly upheld a district's court's discretion to require strict compliance with its local rules governing summary judgment.") (alteration and quotation omitted). Because plaintiff

has admitted all of the properly supported facts submitted by Pactiv, the following is taken entirely from Pactiv's statement of facts.

Pactiv, formerly Tenneco Packaging ("Tenneco"), is a packaging corporation that does business in Illinois. (Def's. LR 56.1(a) Stmt. ¶¶ 2, 5.) Baker worked for Tenneco/Pactiv from 1999 until April 2004. (Def.'s App. Evid. Supp. Mot. Summ. J., Ex. C, Baker Dep. at 9, 16.)

On September 26, 2003, Rebekah Clark, Pactiv's IT[1] manager, told Rick Harris, Pactiv's Director of Corporate Employee Relations, Compliance and Diversity, that Nelsie Cortes said plaintiff had engaged in sexual conduct toward her. (Id., Ex. B, Harris Decl. ¶ 5.) Harris immediately investigated Cortes' allegations by interviewing plaintiff, Cortes and two other Pactiv employees, Sue Tauler and Sarah Bowen. (Id. ¶ 6.)

Cortes alleged that during the summer of 2003, plaintiff asked her to go to a festival, telephoned her while he was on vacation and asked her what she was eating for lunch and gave her a T-shirt that said "Virginia is for Lovers." (Id. ¶ 7.) Cortes also said that she had received an anonymous love letter on her desk, which she attributed to plaintiff, and an e-mail from plaintiff asking her to check whether he had a fever. (Id.) When Cortes did not respond to plaintiff's e-mail request, plaintiff confronted her to ask why. (Id.) Cortes also complained that plaintiff frequently visited her cubicle. (Id.)

Bowen also said that plaintiff frequented Cortes' work area and bought Cortes a T-shirt sporting the phrase "Virginia is for Lovers." (Id. ¶ 8.) In addition, Bowen made some complaints of her own: that plaintiff stared at her, left candy on her desk and asked to leave personal items on her desk when he went to the restroom. (Id.)

---

[1] We assume, though Pactiv does not define it, that the term "IT" means information technology.

2

During Harris' investigation, plaintiff signed a statement in which he admitted: (1) calling Cortes while he was on vacation to inquire about her lunch; (2) buying Cortes and other employees T-shirts that said "Virginia is for Lovers"; (3) asking Cortes to check whether he had a fever; and (4) visiting Cortes at her cubicle. (*Id.*, Ex. C, Baker Dep. at 59-60; *id.*, Ex. D, Baker Dep. Ex. 4, 10/28/03 Baker Stmt. ¶¶ 6, 8, 10-11.) Baker denied staring at Bowen. (*Id.*, Ex. D, Baker Dep. Ex. 4, 10/28/03 Baker Stmt. ¶ 14.)

Harris finished his investigation around October 22, 2003 and concluded that plaintiff's actions made female employees uncomfortable. (*Id.*, Ex. B, Harris Decl. ¶ 10.) As a result, Harris reviewed Pactiv's sexual harassment policy with plaintiff and instructed him to keep the matter confidential. (*Id.*) Harris did not, however, conclusively determine that plaintiff violated the policy. (*Id.*) Thus, he did not discipline plaintiff in any way or place anything in his personnel file regarding the allegations. (*Id.*)

The next day, Clark e-mailed Harris to tell him that plaintiff was discussing the alleged victims' allegations with other employees. (*Id.* ¶ 11.) As a result, Harris scheduled another meeting with plaintiff. (*Id.*)

On October 27, 2003, plaintiff sent Harris an e-mail, which said that Cortes was also discussing the allegations and spreading rumors about plaintiff. (*Id.* ¶ 12.)

On October 28, 2003, Harris met with plaintiff and his supervisor, Julius Riles. (*Id.* ¶ 13; *id.*, Ex. C, Baker Dep. 17-18.) During the meeting, Harris reiterated that plaintiff had to keep the allegations and investigation confidential and told him that his discussions about the incident could be viewed as retaliation against the alleged victims. (*Id.*, Ex. B, Harris Decl. ¶ 13.) Plaintiff assured Harris that he would stop discussing the matter and asked Harris to instruct the accusers to do the

same. (*Id.*) Pursuant to plaintiff's request, Harris met with all of the parties involved and reminded them not to discuss the matter with anyone. (*Id.* ¶ 14.)

When a Pactiv employee is disciplined, the record of such discipline is placed in the employee's personnel file. (*Id.* ¶ 15.) There is no letter or other record of discipline in plaintiff's personnel file regarding the allegations of harassment. (*Id.*, Ex. B, Harris Decl., Ex. B, Baker Personnel File.)

## Discussion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Plaintiff alleges that Pactiv discriminated against him on the basis of his sex by investigating the false allegations of harassment made against him and by putting a letter of discipline about those allegations in his personnel file. Plaintiff can prove these Title VII claims either by offering direct evidence of Pactiv's discriminatory intent or by using the *McDonnell Douglas* burden-shifting method of proof. *Lim v. Tr. of Ind. Univ.*, 297 F.3d 575, 580 (7th Cir. 2002). Having failed to file LR 56.1(b) Statements, plaintiff has no direct evidence of discrimination. Thus, he must meet the requirements of *McDonnell Douglas* if he is to defeat Pactiv's motion. *See id.*

4

Traditionally, a *prima facie* case of sex discrimination requires evidence that: (1) plaintiff is a member of a protected class; (2) plaintiff was meeting the employer's legitimate expectations; (3) plaintiff suffered an adverse employment action; and (4) defendant treated similarly situated employees outside the class more favorably. *Russell v. Bd. of Trustees of Univ. of Ill. at Chi.*, 243 F.3d 336, 341 (7th Cir. 2001). "[I]n cases of reverse discrimination, [however,] the first prong of the *McDonnell* test cannot be used. Rather, the plaintiff . . . must show background circumstances that demonstrate that a particular employer has reason or inclination to discriminate invidiously against whites [or men] or evidence that there is something 'fishy' about the facts at hand." *Gore v. Ind. Univ.*, 416 F.3d 590, 592 (7th Cir. 2005) (quotation omitted). If plaintiff makes a *prima facie* case, the burden shifts to Pactiv to offer a legitimate, non-discriminatory reason for its actions. *Id.* If Pactiv does so, the burden shifts back to plaintiff to demonstrate that the Pactiv's proffered reason is just a pretext for discrimination. *Id.*

Plaintiff has not satisfied the first element of the *prima facie* case. The record contains no evidence to suggest that Pactiv has an inherent anti-male bias or that there is something "fishy" about its treatment of plaintiff. On the contrary, plaintiff admits that Pactiv has a policy prohibiting all forms of sexual harassment and a duty to investigate all allegations of harassment. (Def.'s LR 56.1(a) Stmt. ¶¶ 16-17, 26.) Moreover, there is no evidence that Pactiv has a history of discrimination against men or any reason to discriminate against them. Given the record, plaintiff has not satisfied the first element of the *prima facie* case.

Plaintiff also has not satisfied the third element. An adverse employment action is one that causes "a materially adverse change in the terms or conditions of . . . employment." *Spring v. Sheboygan Sch. Dist.*, 865 F.2d 883, 885 (7th Cir. 1989) (emphasis omitted). "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in

wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993). It is undisputed that the harassment investigation did not cause plaintiff to lose pay, benefits, material responsibilities or lead to punishment of any kind. (Def.'s LR 56.1(a) Stmt. ¶¶ 32, 45; Def.'s App. Evid. Supp. Mot. Summ. J., Ex. B, Harris Decl. ¶ 10.) Nor did the purported disciplinary letter, as it is undisputed that no such letter exists. (Def.'s LR 56.1(a) Stmt. ¶ 32; Def.'s App. Evid. Supp. Mot. Summ. J., Ex. B, Harris Decl. ¶ 10.) Without evidence of some adverse consequence, plaintiff cannot satisfy the third element of the *prima facie* case.

Proof of the fourth element is also missing. Though plaintiff alleges that Pactiv treats allegations of harassment differently depending on the gender of the accuser, there is no evidence to support that claim. In fact, plaintiff admitted that he was unaware of any situation at Pactiv involving a male employee who complained of sexual harassment by a female. (Def.'s App. Evid. Supp. Mot. Summ. J., Ex. C, Baker Dep. at 38-39.) Absent evidence that Pactiv gave more favorable treatment to a female accused of harassment, plaintiff cannot satisfy the last element of the *prima facie* case.

Plaintiff's failure to make a *prima facie* case dooms his sex discrimination claims. Pactiv's motion for summary judgment on those claims is, therefore, granted.

Plaintiff also alleges that Pactiv violated Title VII by subjecting him to a hostile work environment. To defeat Pactiv's motion on this claim, plaintiff must offer evidence that suggests the challenged conduct was "so severe or pervasive as to create an abusive working environment." *Russell*, 243 F.3d at 343. An actionable workplace is one that is both objectively and subjectively hostile. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). In other words, plaintiff must show not

only that he found the environment to be hostile but that a reasonable person would consider it to be hostile as well. *Id.*

We determine whether an environment is hostile by looking at the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23. Plaintiff says his work environment was hostile because his manager and co-workers discussed his alleged harassment of Cortes. (Compl. ¶ 13.) But there is no evidence that those discussions were threatening, interfered with plaintiff's work performance or continued for any length of time. Absent such evidence, plaintiff has not raised a genuine issue of fact as to the existence of an objectively hostile work environment. *See Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526, 535 (7th Cir. 1993) (holding that supervisor's sexual advances and his "inaccessibility, condescension, impatience, and teasing" of plaintiff after she rebuffed him did not constitute a hostile work environment).

## Conclusion

For the reasons stated above, there is no genuine issue of material fact as to plaintiff's claims against Pactiv, which is entitled to judgment as a matter of law. Defendant's motion for summary judgment is, therefore, granted. This case is hereby terminated.

SO ORDERED.     ENTERED:  9/19/05

HON. RONALD A. GUZMAN
United States District Judge

7